**VISHNICK McGOVERN MILIZIO LLP**
**ATTORNEYS AT LAW**

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 26 2018 ★

BROOKLYN OFFICE

16 CV 5190
BMC

October 25, 2018

Bernard F. McGovern
Partner
t. 516.437.4385 x113
BMcGovern@vmmlegal.com

**VIA HAND DELIVERY**
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Estate of Rafael Flores**

Dear Sir/Madam:

This office represents Damaris Flores in connection with the settlement of her Intermediate Accounting at the Surrogate's Court Queens County for the Estate of her late husband, Rafael Flores. Enclosed is a copy of the Citation and Accounting documents required to be served upon you as an interested party in this proceeding.  The Citation is returnable on November 8, 2018, at the Queens County Surrogate's Court at 9:30 a.m.

If you should have any questions, please do not hesitate to contact the undersigned.

Cordially,

BERNARD F. McGOVERN

BFM:ml
Enclosures

3000 Marcus Avenue, Suite 1E9 • Lake Success, NY 11042 • t. 516.437.4385 • f. 516.437.4395
830 Third Avenue, 5th Floor, New York, NY 10022 • t. 212.759.3500
www.vmmlegal.com • Please direct all correspondence and documents to the Lake Success office.

🏛 **New York State Surrogate's Court**
NYSBA  New York State Bar Association Official OCA Forms

Form JA-6
Accounting Citation

File No.**2016-3463/B**

CITATION
SURROGATE'S COURT, **QUEENS** COUNTY
**THE PEOPLE OF THE STATE OF NEW YORK,**
By the Grace of God Free and Independent

TO:   **Jasmine Flores**
**Rafael Flores, Jr.**
**Samantha Luz Flores, a/k/a Victoria Luz Flores**
**Jenise Nicole Flores**
~~**Delilah Mariah Flores**~~
**Monica Rivera**
**Joslynn Flores**
**Internal Revenue Service**
**United States District Court, Eastern District of New York**
*Copy to GAL*

A Second Amended petition and Second Amended Intermediate Account having been duly filed by **Damaris Flores,** who is domiciled at **71-15 67th Street, Glendale, New York 11385**

**YOU ARE HEREBY CITED TO SHOW CAUSE** before the Surrogate's Court, **Queens** County, at **88-11 Sutphin Boulevard, Jamaica,** New York, on the ___8TH___ day of _NOVEMBER_ , 2018 at **9:30** o'clock in the forenoon of that day, why the Second Amended Intermediate Accounting of **Damaris Flores,** a copy with amendments, which has been served herewith, as **Administrator** of the estate of **RAFAEL FLORES,** should not be judicially settled.

[X] Further relief sought (if any):
Why the claims of the Internal Revenue Service in the amounts of $4,735.53 and $9,089.58, that have been presented and allowed, but are unpaid, as set forth on Schedule D-2 of the Account, should not be paid; and for such other and further relief as the Court may determine.

Dated, Attested and Sealed,
_September 28TH_   _2018_

**HON.** PETER J. KELLY

Peter J. Kelly, Surrogate

_James Lin Becker_
James L. Becker, Chief Clerk

Seal

**Michael D. Humphrey, Esq.**
Attorney Name

**Vishnick McGovern Milizio LLP**          **(516) 437-4385**
Firm                                                            Telephone

**3000 Marcus Avenue, Suite 1E9, Lake Success, New York 11042**
Address

---

**NOTE:** This citation is served upon you as required by law. You are not required to appear. If you fail to appear it will be assumed that you do not object to the relief requested. You have a right to have an attorney appear for you, and you or your attorney may request a copy of the full account from the petitioner or petitioner's attorney.

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ACCOUNTING BY DAMARIS FLORES, | File No: 2016-3463/B |
| as the Administrator | **ATTORNEY AFFIRMATION AMENDING SECOND AMENDED PETITION** |
| of the ESTATE OF RAFAEL FLORES, | |
| Deceased. | |

Michael D. Humphrey, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following under penalties of perjury:

1] Your undersigned is Counsel at the firm Vishnick McGovern Milizio LLP with offices at 3000 Marcus Avenue, Suite 1E9, Lake Success, New York 11042, having been substituted for Geller & Geller, Esqs., as the attorneys of record for the Petitioner, Damaris Flores, and as such, is familiar with the facts and circumstances of this matter herein set forth.

2] I make this affirmation in order to induce the Court to issue a Citation in this proceeding by April 18, 2018, pursuant to a written Stipulation dated March 23, 2018 entered into in the proceeding to vacate the Decree Appointing the Administrator (2016-3463/C). A copy of said Stipulation is attached as Exhibit A.

3] That Paragraph 6(a) as set forth on the Schedule "A" attached to the Second Amended Petition is hereby amended as follows:

The nature of Monica Rivera's interest is "Incoming Co-Administrator and Guardian of the Property of Joslynn Flores, an infant distributee under the age of 14 years."

4] That Paragraph 6(b) as set forth on the Schedule "A" attached to the Second Amended Petition is hereby amended as follows:

The nature of Joslynn Flores's interest is "Issue/Distributee."

5]   That the "Wherefore Clause" of the Second Amended Petition is hereby amended as follows:

WHEREFORE the Petitioner prays that the Intermediate Account of her proceedings be judicially settled; that the claims of the Internal Revenue Service in the amounts of $4,735.53 and $9,089.58, that have been presented and allowed, but are unpaid, as set forth on Schedule D-2 of the Account, be paid; and for such other and further relief as the Court may determine.


Dated: Lake Success, New York
       April 18, 2018


                                        Michael D. Humphrey, Esq.,
                                        Vishnick McGovern Milizio LLP
                                        3000 Marcus Avenue, Suite 1E9
                                        Lake Success, NY 11042
                                        (516) 437-4385

# Exhibit A

# Exhibit A

# Exhibit A

**STATE OF NEW YORK**
**SURROGATE'S COURT, COUNTY OF QUEENS**

(PLEASE PRESS HARD)

File No. 2016-3463/c.

In the Matter of the

Petition to Vacate Decree, E/o

Rafael Flores

Deceased.

*Parties allocuted on the record*

**STIPULATION**

DATE 3/20/18

It is hereby stipulated and agreed by the parties hereto as follows:

1. The parties consent to the petition to vacate the decree on the following terms:

2. The Decree appointing Administrator dated 10/17/16 is vacated.

3. The Petitioner herein Monica Rivera as Guardian of the Property of the infant distributee Joslyne Flores consents to the jurisdiction of the Court in the proceeding for the issuance of letter of administration under file # 2016-3463

4. The parties consent that letters of administration shall issue to Damaris Flores and Monica Rivera as Property Guardian, upon their duly qualifying. In the event ~~upon their duly qualifying~~ that Monica Rivera fails to qualify within 30 days of the decree to be settled hereon, then letters of Adm shall issue to Jasmine Flores upon her duly qualifying who shall serve with Damaris Flores.

5. The account of Damaris Flores as Administrator (~~never suspended~~) under File # 2016-3463/B and the petition for judicial settlement thereof shall be amended on or before 4/18/18 sufficiently for a citation to be issued, ~~and~~ on notice to the infant Joslyne Flores, who is acknowledged as a distributee.

6. The undersigned attys represent that they have the authority to enter into this stipulation on behalf of their respective clients.

Rachel Albracht
Santa Maria & Associates
Atty for Petitioner Monica Rivera
as guardian of the property of Joslyne Flores

Ben Shay
Benjamin C. McGovern
Atty for Damaris Flores
& Jasmine Flores

Jessica D. Juarez

Damaris Flores

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ACCOUNTING BY DAMARIS FLORES, | File No: 2016-3463/B |
| as the Administrator | **CONSENT TO CHANGE ATTORNEY** |
| of the ESTATE OF RAFAEL FLORES, | |
| Deceased. | |

IT IS HEREBY CONSENTED THAT Vishnick McGovern Milizio LLP of 3000 Marcus Avenue, Lake Success, New York 11042 be substituted as attorneys of record for the undersigned party in the above entitled action in place and stead of Geller & Geller, Esqs. located at 69-03 Fresh Pond Road, Glendale, New York  11385 the undersigned attorney(s) as of the date hereof.

Dated: Lake Success, New York
April _18_, 2018

_____
DAMARIS FLORES

Geller & Geller, Esqs.

By: _____
Joseph Geller, Esq.

Vishnick McGovern Milizio LLP

By: _____
Michael D. Humphrey, Esq.

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

On the _18_ day of April in the year 2018 before me, the undersigned, a notary in and for said state, personally appeared Damaris Flores, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

MARY LUCATORTO
Notary Public, State of New York
No. 01LU4986091
Qualified in Queens County
Commission Expires September 3, 2021

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

ACCOUNTING BY DAMARIS FLORES,

as the Administrator

of the ESTATE OF RAFAEL FLORES,

                              Deceased.

File No: 2016-3463/B

**NOTICE OF APPEARANCE**

---

SIRS:

   **PLEASE TAKE NOTICE** that **DAMARIS FLORES**, a person interested in the above entitled proceeding, as Administrator, hereby appears in said proceeding and that the undersigned has been retained as attorneys for said interested party and demands that copies of all papers in said proceeding be served upon the undersigned at the office of post office address stated below.

Dated: Lake Success, New York
       April 18, 2018

                                   Yours, etc.,

                                   Michael D. Humphrey
                                   Vishnick McGovern Milizio LLP
                                   3000 Marcus Avenue, Suite 1E9
                                   Lake Success, NY 11042
                                   (516) 437-4385

TO:   Clerk of Surrogate's Court, Queens County
      88-11 Sutphin Blvd.
      Jamaica, NY 11435

<table>
<tr><td></td><td>For Office Use Only</td></tr>
<tr><td></td><td>Filing Fee Paid $ _____<br>Receipt No: _____</td></tr>
</table>

**DO NOT LEAVE ANY ITEMS BLANK**

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF __QUEENS_____
------------------------------------------------------X
ACCOUNTING BY __DAMARIS FLORES,_____

as the __Administrator_____

of the ESTATE OF __RAFAEL FLORES,_____

a/k/a _____ Deceased.
------------------------------------------------------X

**SECOND AMENDED
PETITION FOR JUDICIAL
SETTLEMENT OF ACCOUNT OF**

- ☐ Executor
- ☒ Administrator
- ☐ Trustee
- ☐ Other [specify]_____

File No. __2016-3463/B_____

TO THE SURROGATE'S COURT, COUNTY OF __QUEENS_____

It is respectfully alleged:

1.  The name(s), and address(es) of the petitioner(s), the type and date of letters issued, and the amount and surety of petitioner's (s') bond, if any, are as follows:

Name: __Damaris Flores_____

Address: __71-15 67th Street,_____          __Glendale_____
                              (Street Address)                                                    (City/Town/Village)

__Queens County__          __New York__          __11385__          __(917) 396-9674__
       (County)                        (State)                    (Zip)                    (Telephone Number)

Mailing address: __Same_____
                              (if different from above)

Type of letters issued: __Administration_____     Date letters issued: __October 12, 2016__

Amount of bond: $ __440,000.00_____          Name of surety: __Arch Insurance_____

Name: _____

Address: _____          _____
                              (Street Address)                                                    (City/Town/Village)

_____          _____          _____          _____
       (County)                        (State)                    (Zip)                    (Telephone Number)

Mailing address: _____
                              (if different from above)

Type of letters issued: _____     Date letters issued: _____

JA-1 (4/98)

2.  The decedent's name, date of death and domicile are as follows:

Name: __Rafael Flores_____    Date of death: __7/17/2016__

Domicile: __71-15 67th Street_____    __Glendale_____
                    (Street Address)                            (City/Town/Village)

__New York_____                         __11385_____
         (State)                                                 (Zip Code)

Township of: _____          County of: __Queens_____

3.  The petitioner(s) present (s) and render (s) herewith, a verified account of petitioner's (s') proceedings in this estate or trust, for the period from __10/12/2016__ to __5/15/2017__, showing the gross value of assets, including principal and income, to be the sum of $ __829,870.41__

4.  ☐    (a)   An order was entered in this Court on _____, 20__.
                  ☐  Exempting the estate from tax
                  ☐  Fixing and assessing the tax due

        [Attach a copy of the tax order and receipt]

        ☐    (b)   The following return (s) (was) (were) filed:

                  ☐  ET-90   [For decedent's dying on or after May 25, 1990].       ☐ Yes       ☐ No
                      A copy was filed with the Surrogate's Court

                  ☐  TT-385 [For decedent's dying before May 25, 1990]
                  ☐  706 or 706NA

        The estate taxes with respect to this estate were paid in full.
        [Attach a copy of letter of discharge.]

        ☒    (c.)   No tax proceeding or return was required for this estate.

5.  The rendering of such account at this time is proper because
    check appropriate reason]

        ☒    seven months have elapsed since letters were issued to petitioner(s);
        ☐    letters issued to the petitioner(s) have been revoked,
        ☐    more than one year has elapsed since the preceding account of the petitioner(s)
              was settled;
        ☐    other reason [specify]:

6.  The names and post-office addresses of all persons and parties interested in this proceeding who are required to be cited under the provisions of Surrogate's Court Procedure Act §2210, or otherwise, or concerning whom or which the Court is required to have information, are set forth in subdivision (a) or (b):

        (a)   All persons and parties so interested herein who are of full age and sound mind, or which are corporations or associations, are as follows:

-2-

| Name | Nature of Interest | P.O. Address |
|------|-------------------|--------------|
| Damaris Flores | Administrator/Distributee | 71-15 67th St., Glendale, N.Y. 11385 |
| Rafael Flores, Jr. | Issue/Distributee | Same |
| Samantha Luz Flores* | Issue/Distributee | Same |
| Jasmine Marie Flores | Issue/Distributee | Same |

CONTINUED ON SCHEDULE "A" ATTACHED HERETO

(b)  All persons so interested herein who are infants or incompetents or persons believed to be mentally incapable to adequately protect their rights, or persons whose existence, identity, or whereabouts are unknown (including persons who are virtually represented under SCPA §315) are as follows:

[Furnish all information specified in **NOTE** at bottom of page]

| Name | Nature of Interest | P.O. Address |
|------|-------------------|--------------|
| Delilah Mariah Flores | Issue/Distributee | 71-15 67th St., Glendale, N.Y. 11385 |
| Infant (D/O/B:      7) | | |
| Age: 10 Years | | |
| Mother, Damaris Flores, | | |
| is living (See 6(a) above) | | |

CONTINUED ON SCHEDULE "A" ATTACHED HERETO

[NOTE: In the case of each infant, state  (a)  name, birth date, age, nature of interest, domicile, residence address, and the person with whom he/she resides;  (b)  whether or not he/she has a guardian or testamentary guardian, and whether or not his/her father, or if he/she be dead, his/her mother is living; and  (c)  the name and post office address of any guardian and any living parent. In the case of each incompetent or person incapable of adequately protecting his/her rights, state  (a) name, nature of interest, and post office address;  (b) facts regarding his/her incompetency, including whether or not a committee has been appointed and whether or not he/she has been committed at any institution;  (c) the names and post office addresses of any committee, conservator, guardian, and person or institution having care and custody of him/her, and any relative or friend having an interest in his/her welfare. In the case of unknowns, describe in identical language to be used in citation for publication. In the case of a person confined as a prisoner, state place of incarceration. With respect to virtual representation see Uniform Court Rule, §207.18.]

7.  There are no persons interested in this proceeding other than those herein about mentioned.

8.  No prior application has been made to this or any other court for the relief requested in this petition.

WHEREFORE the petitioner(s) pray (s) that the account of proceedings be judicially settled

* A/K/A Victoria Luz Flores                    -3-

SCHEDULE "A"

CONTINUED FROM PAGE "3" OF SECOND AMENDED PETITION
FOR JUDICIAL SETTLEMENT OF ACCOUNT OF DAMARIS FLORES

6.   The names and post-office addresses of all persons and
     parties interested in this proceeding who are required to be
     cited under the provisions of Surrogate's Court Procedure
     Act §2210, or otherwise, or concerning whom or which the
     Court is required to have information, as set forth in
     subdivision (a) or (b):

          (a)  All persons and parties so interested herein who
               are of full age and sound mind, or which are
               corporations or associations, are as follows:

| Name | Nature of Interest | P.O.Address |
|------|-------------------|-------------|
| Jenise Nicole Flores | Issue/Distributee | 432 Jefferson St. Apt. 3A Brooklyn, N.Y.11237 |
| Internal Revenue Serv. | Claimant (See Sched."D-2") | Attn: Technical Advisory Group 290 Broadway Mail Stop 05-A N.Y., N.Y. 10007 |
| United States District Court | Possible or Contingent Claim (See Sched."D-4") | Eastern District of New York 225 Cadman Plaza East Brooklyn, N.Y.11201 |
| Monica Rivera | Mother of Joslynn Flores (See 6(b) below) | 725 Fox St.,Apt. 3C Bronx, N.Y. 10455 |

          (b)  All persons so interested herein who are infants
               or incompetents or persons believed to be mentally
               incapable to adequately protect their rights, or
               persons whose existence, identity, or whereabouts
               are unknown:

| | | |
|------|-------------------|-------------|
| Joslynn Flores Infant (D/O/B:8/23/06) Age: 11 Years Mother, Monica Rivera, is living (See 6(a) above) | Claiming status as Issue/Distributee | 725 Fox St.,Apt. 3C Bronx, N.Y. 10455 |

[specify any other relief requested.]

That the claim of the Internal Revenue Service against the Decedent's Estate (Shown at Schedule "D-2" of the Second Amended Accounting) be determined and judicially settled; and, further

That the contingent and possible claim of the United States of America (Shown at Schedule "D-4" of the Second Amended Accounting) be determined and judicially settled.

and that process be issued to all necessary parties who have not appeared to show cause why the relief requested should not be granted; and that an order be granted directing the service of process pursuant to the provisions of SCPA Article 3 upon such persons named in Paragraph (6) whose names or whereabouts are unknown and cannot be ascertained or who may be persons on whom service by personal delivery cannot be made.

Dated: November 10, 2017

1. _____      2. _____
(Signature of Petitioner)                 (Signature of Petitioner)

Damaris Flores
(Print Name)                      (Print Name)

3. _____
(Name of Corporate Petitioner)

_____
(Signature of Officer)

_____
(Print Name and Title of Officer)

VERIFICATION

[For use when petitioner is an individual]

STATE OF NEW YORK                    )

COUNTY OF   QUEENS                )   ss.:

      Second Amended                                    Second Amended
      The undersigned, the petitioner (s), named in the foregoing petition, being duly sworn, say (s): (I) (We) have read the foregoing petition subscribed by me (us) and know the contents thereof, and the same is true of (my) (our) own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters (I) (we) believe it to be true.


_____                    _____
     (Signature of Petitioner)                                    (Signature of Petitioner)

_Damaris Flores_____                    _____
        (Print Name)                                            (Print Name)


Sworn to before me on
_November 10_____, 20_17_

_____        JOSEPH GELLER
Notary Public                            Notary Public, State of New York
Commission Expires:                          No.02GE4985774
(Affix Notary Stamp or Seal)           Qualified in Queens County
                                       Commission Expires August 26 20 2 '


Signature of Attorney: _____

Print Name: _Joseph Geller_____

Name of Attorney: _Geller & Geller, Esqs._____        Tel. No.: _(718) 366-3600_

Address of Attorney: _69-03 Fresh Pond Road, Glendale, New York 11385_____

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                    File No. 2016 - 3463/B
------------------------------------------------------------------

ACCOUNTING BY DAMARIS FLORES

as the Administrator

of the ESTATE OF RAFAEL FLORES,

                                        Deceased

---------------------------------------------------------------

SECOND AMENDED PETITION FOR JUDICIAL SETTLEMENT
OF SECOND AMENDED INTERMEDIATE ACCOUNT

---------------------------------------------------------------

GELLER & GELLER
Attorneys At Law

Attorney for Petitioner DAMARIS FLORES
69-03 Fresh Pond Road
Glendale, New York 11385
Tel. (718) 366-3600

Signature   (Rule 130-1.1-a)

Joseph Geller

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF : QUEENS _____
------------------------------------------------x

ACCOUNTING BY __DAMARIS FLORES_____

as the __Administrator_____

of the ESTATE OF __RAFAEL FLORES_____

a/k/a _____
                              Deceased. ·
------------------------------------------------x

SECOND AMENDED
ACCOUNTING BY:

☐ Executor
☒ Administrator
☐ Other [specify]

File No.   __2016-3463/B_____

TO THE SURROGATE'S COURT OF THE COUNTY OF __QUEENS_____

   The undersigned does hereby render the account of proceedings as follows:

   Period of account from __10/12/2016___ to __5/12/2017_____.

   This is a ☐ (final) ☒ (intermediate)  account.


   [The instructions concerning the schedules need not be stated at the head of each schedule.  It will be sufficient to set forth only the schedule letter and heading.  For convenience of reference, the schedule letter and page number of the schedule should be shown at the bottom of each sheet of the account.]

| | | |
|---|---|---|
| Schedule A | - | Principal Received, page __1-3__ |
| Schedule A - 1 | - | Realized Increases, page __4__ |
| Schedule A - 2 | - | Income Collected, page __5__ |
| Schedule B | - | Realized Decreases, page __6__ |
| Schedule C | - | Funeral and Administration Expenses and Taxes, page __7-8__ |
| Schedule C - 1 | - | Unpaid Administration Expenses, page __9__ |
| Schedule D | - | Creditor's Claims, page __10-14__ |
| Schedule E | - | Distributions Made, page __15__ |
| Schedule F | - | New Investments, Exchanges and Stock Distribution, page __16__ |
| Schedule G | - | Personal Property Remaining on Hand, page __17__ |
| Schedule H | - | Interested Parties and Proposed Distribution, page __18-19__ |
| Schedule I | - | Computation of Commissions, page __20__ |
| Schedule J | - | Other Pertinent Facts and Cash Reconciliation, page __21-25__ |
| Schedule K | - | Estate Taxes Paid and Allocation of Estate Taxes, page __26__ |

JA-7 (6/98)

## SUMMARY

#### CHARGES:

| | | | |
|---|---|---|---|
| Schedule "A" | - | (Principal received) | $ 781,183.73 |
| Schedule "A - 1" | - | (Realized increases in principal) | $ 0.00 |
| Schedule "A - 2" | - | (Income Collected) | $ 48,686.68 |
| Total Charges | | | $ 829,870.41 |

#### CREDITS:

| | | | |
|---|---|---|---|
| Schedule "B" | - | (Realized decreases in principal) | $ 240,000.00 |
| Schedule "C" | - | (Funeral and administration expenses | $ 84,414.96 |
| Schedule "D" | - | (Creditor's claims actually paid) | $ 1,241.45 |
| Schedule "E" | - | (Distributions of principal) | $ 0.00 |
| Total Charges | | | $ 325,656.41 |

Balance on hand shown by Schedule "G"                  $ 504,263.36

The foregoing balance of $ 504,263.36 consists of $ 6,763.36 in cash and $ 497,500.00 in other property on hand as of the 4th day of May 20 17. It is subject to deduction of estimated principal commissions amounting to $ 25,296.12 as shown in Schedule I and to the proper charge to principal of expenses of this accounting.

The attached schedules are part of this account.

_____
(Name of Corporate Fiduciary)

_____
(Signature of Officer)

_____
(Signature of Fiduciary)

_____
(Signature of Fiduciary)

-12-

## AFFIDAVIT OF ACCOUNTING PARTY

STATE OF NEW YORK         )

COUNTY OF  QUEENS        )  ss.:

    DAMARIS FLORES,               being duly sworn, says: that the schedules of assets of the estate reported herein are true and complete and include all money and property of any kind, and all increment thereon, which have come into the hands of any of the accounting parties or have been received by any other persons for the use of any accounting party by order of authority of such accounting party, and include all indebtedness due by any accounting party to the estate whether discharged or not; that the moneys stated in the account as collected were all that could be collected; that all claims for credit for losses or decreases of value of assets are correctly reported; that the reported payments out of estate assets for funeral and administration expenses were actually made and made in the amounts scheduled; that the reported payments to creditors and beneficiaries were actually made at the dates and in the amounts scheduled; that no payments have been made by any accounting party on any fiduciary's claims against the estate except after prior approval and allowance by the Surrogate; that all receipts and disbursements are correctly and fully reported and scheduled; that the accounting parties do not know of any error in the account or in any schedule thereof or of any matter or thing relating to the estate omitted therefrom to the prejudice of rights of any creditor or of any person interested in the estate; and that the schedule of commissions has been computed in conformity with the statute regulating commissions and the Rules of the Surrogate's Court applicable thereto.

Sworn to before me on

November 10, 20 17

Notary Public

Commission Expires:

(Affix Notary Stamp or Seal)

JOSEPH GELLER
Notary Public, State of New York
No.02GE4985774
Qualified in Queens County
Commission Expires August 26 20 2__

_____
Signature

Damaris Flores
_____
Print Name

Name of Attorney:  Geller & Geller, Esqs.       Tel. No.:  718-366-3600

Address of Attorney:  69-03 Fresh Pond Road, Glendale, New York 11385

<u>SCHEDULE "A"</u>

<u>STATEMENT OF PRINCIPAL RECEIVED</u>

|  | DATE OF<br><u>DEATH VALUE</u> |
|---|---|

<u>DESCRIPTION:</u>

1.   Ten (10) Shares of "60-54 55th St.,
LLC.", a New York Limited Liability
Company (the "LLC"). Said 10 Shares
represents **a one-half (1/2)
ownership interest** in the LLC.
The LLC is the record owner of
the following:

      i.   Property and premises located      $497,500.00
at 60-54 55th Street,Maspeth,
New York 11378.  Said premises
is a four (4) family resi-
dential building, fully rented[1]
and mortgage free.  The appraised
value of said premises on the
date of Decedent's death was
$995,000.00 (See Exhibit "A");

      ii.   Property and premises located     $240,000.00
at 336 Chelsea Avenue, Davenport,
Polk County, Florida 33837. Said
premises is a one (1) family resi-
dential dwelling. The appraised
value of said premises is
$480,000.00. (See Exhibit "B").
<u>NOTE:</u>  At the time of this Accoun-
ting these premises are subject to
a Claim filed by the United States
seeking to forfeit and condemn said
Premises to the United States (File
No. 16 CV 5190 (BMC) ). (See Exhibit
"C").
     A Stipulation of Settlement in
said Action has been entered into by
the Parties[2] whereby all right, title

---

[1]Rents received shown on Schedule A-2.

[2]The ownership of the LLC by shares is:
    10 Shares - Rafael Flores (Decedent), by Damaris Flores
    as Administrator;
    2 Shares - Victoria Flores, A/K/A Samantha Luz Flores
    (Decedent's daughter);

1

and interest to said premises at 336 Chelsea Avenue was waived so that title to said premises is to pass to the United States (See Exhibit "D").[3]

2. Ten (10) Shares of "Jenise Nicole, Inc.", a New York Corporation (the "Corporation"), representing ALL issued and outstanding shares of the Corporation. The Corporation The Corporation maintained the following Accounts, all at JP Morgan Chase Bank:

| | | |
|---|---|---|
| i. | Acc. | $ 74.80 |
| ii. | Acc. | $ 6,997.07 |
| iii. | Acc. | $ 3,605.51 |
| iv. | Acc. | $ 27,766.35[4] |

2 Shares - Wilfredo Rodriguez;
2 Shares - Jasmine Marie Flores (Decedent's daughter);
2 Shares - Rafael Flores, Jr. (Decedent's son); and,
2 Shares - Jenise Nicole Flores (Decedent's daughter).

[3]Other property not belonging to the Estate was included in the Forfeiture Action. Said Forfeiture Action also included a cash account in the name of Rafael Flores, Jr., which account held the sum of $266,369.96. The Stipulation of Settlement of the Forfeiture Action provides for a payment of $115,000.00 ("...less any debt owed to the United States, any agency of the United States, or any other debt of 60-54 55th St., LLC which the United States is authorized to collect") to the Defendants, thus the percentage share of the Estate to said payment is 32.15%, or

$480,000.00 (appraised value of Premises)
$746,370.00 (Value of Premises plus cash account)

which equals .643 or 64.3%, of which the Estate has a 1/2 interest, or 32.15% Thus the Estate will have a **future** share in the Settlement of $115,000.00 when received equal to $36,972.50 (See Schedule "J" Note "3").

[4]The sum of $20,000.00 in legal fees ($10,000. to Geller & Geller, Esqs., and $10,000. to Joseph DiBenedetto, Esq.) (Shown on Schedule "C") was withdrawn from this Account before Letters of Administration were issued and prior to the transfer of these funds to the Estate Account. Thus said $20,000.00 was deducted on Schedule "C" as an Administration expense and included in this

2

3.  Cash on Hand:                                 $  5,240.00

                TOTAL PRINCIPAL RECEIVED:          $ 781,183.73

_____

Account.

3

## SCHEDULE A-1

### STATEMENT OF INCREASES ON SALES, LIQUIDATIO OR DISTRIBUTION

None

TOTAL INCREASES:                              $  0.00

4

<u>SCHEDULE A-2</u>
<u>STATEMENT OF ALL INCOME COLLECTED</u>

I.   Rent - For eight (8) month period
     from 10/12/2016 to 5/12/2017 for
     Premises at 60-54 55th Street,
     Maspeth, New York 11378, being
     four (4) rental apartments:

         $4,286.71/Month x 8 =                    $   33,493.68
         (less $800.00 non-pay
         Apt. 1L 5/17)


II.  Rent - For eight (8) month period
     from 10/12/2016 to 5/12/2017 for
     Premises at 71-15 67th Street,
     Glendale, New York 11385, being
     one (1) rental apartment:

         $1,700.00/Month x 8 =                    $   13,600.00


III. Bank Credit ($600.00 Cash Deposit           $      793.00
     (12/8/16) plus Bank Credit of $193.00.

                                                 _____

         TOTAL INCOME COLLECTED:                 $   48,686.68

## SCHEDULE "B"
## STATEMENT OF DECREASES IN PRINCIPAL

Property and Premises located at 336 Chelsea Avenue, Davenport, Polk County, Florida, 33837, title to which was held by "60-54 55th St., LLC" (the "LLC"), in which Decedent held a one-half (1/2) interest comprised of ten (10) shares (See Schedule "A"), was subject to a Claim filed by the United States **in rem** seeking to forfeit and condemn said Premises to the United States (File No. 16 CV 5190 (BMC) ) alleging same to be furnished or intended to be furnished in exchange for a controlled substance. A copy of the Decree of Forfeiture and Order for Delivery in connection with said Action is attached hereto as Exhibit "C".

As the Estate held a one-half (1/2) interest in said LLC, the Administrator retained the services of Joseph DiBenedetto, Esq., with offices at 233 Broadway, Ste. 2707, New York, New York 10279, to appear and contest said Action on behalf of the Estate in order to protect and preserve the Estate asset.[5]

A Stipulation of Settlement of the Claim was entered into on April 4, 2017 (See Exhibit "D"); See Schedule "J" Note 3 for further explanation regarding said Stipulation of Settlement and the settlement amount to the Estate.

As the Estate holds a one-half (1/2) interest in the LLC, and as the total appraised value of the Premises as shown on Schedule "A" is $480,000.00, the value of the Estate's interest in the Premises (or "Principal Received") was $240,000.00. Accordingly based upon the seizure of the Premises the decrease in Principal on the part of the Estate is $240,000.00.

TOTAL DECREASE IN PRINCIPAL                 $  240,000.00

---

[5]As earlier stated in Footnote 3, other property not belonging to the Estate was included in the forfeiture claim in the Action. Specifically, there was a cash account held in the name of "Rafael Flores, Jr." (not the Decedent), which contained the sum of $266,369.96. Accordingly, the value of the Premises relative to the value of the entire Claim, or $480,000.00 (value of the Premises) relative to $746,370.00 (value of the Claim) was 64.3%. Since the Estate owned only one-half of the shares of the LLC, which owned the Premises, the interest of the Estate in the Claim was 32.15%.

6

SCHEDULE "C"

STATEMENT OF FUNERAL AND ADMINISTRATION EXPENSES
CHARGEABLE TO PRINCIPAL

**FUNERAL EXPENSES**:  Funeral expenses were paid by the Spouse/Administrator prior to the within Accounting and are not chargeable to the Estate.


**ADMINISTRATION EXPENSES:**

| | | |
|---|---|---|
| 2. | Geller & Geller, Esqs. (Legal Fee; Administration) | $ 10,000.00 |
| 3. | Joseph DiBenedetto, Esq. (Legal Fee; Forfeiture Proceeding) | $ 20,000.00 |
| 4. | Administration Bond of $440,000. paid to "The Blaikie Group" | $ 1,400.00 |
| 5. | Surrogate's Court Queens County (Filing Fee; 3 Certificates) | $ 1,268.00 |
| | | $ 37,811.00 |


**MAINTENANCE/OVERHEAD EXPENSES IN CONNECTION W/ 60-54 55TH STREET (SCHEDULE "A") AND 71-15 67TH STREET (SCHEDULE "J")**

| | | |
|---|---|---|
| 6. | Banking Fees | $ 73.00 |
| 7. | Repairs/Maintenance | $ 8,673.98 |
| 8. | Real Estate Tax | $ 3,368.08[6] |
| 9. | Water/Sewer Charges | $ 8,484.03 |
| 10. | Utilities (Gas; Electric; Cable) | $ 10,704.19 |

---

[6] The Real Estate tax shown in this line item is only for Premises at 60-54 55th Street, Maspeth, New York. The Real Estate tax for Premises at 71-15 67th Street, Glendale, New York is paid by the Mortgage Bank from escrow and is included in the payment shown at line item "Mortgage Payments" below.

7

11. Mortgage Payments for 71-15     $ 20,443.68
    67th Street payable to Bank of
    America

                                    $  51,746.96

_____

TOTAL SCHEDULE C:                   $  84,414.96

8

## SCHEDULE "C-1"

### STATEMENT OF UNPAID ADMINISTRATION EXPENSES

None.

## SCHEDULE "D"

## STATEMENT OF ALL CREDITORS' CLAIMS ACTUALLY PAID

| DESCRIPTION | AMOUNT |
|---|---|
| 1. Consumer Credit (of Decedent) Paid to JPMorgan Chase Bank, N.A. (Date of Payment: 1/19/2017) | $ 409.31 |
| 2. Consumer Credit (of Decedent) Paid to Jet Blue Credit (Date of Payment: 2/26/2017) | $ 832.14 |
| TOTAL SCHEDULE D | $ 1,241.45 |

10

## SCHEDULE "D-2"

### CLAIMS PRESENTED AND ALLOWED BUT NOT PAID

| DESCRIPTION | AMOUNT |
|---|---|
| 1. Internal Revenue Service 1040 - Tax Period 12/31/2011 (Lien Serial No.: 247815517; Date: February 2, 2017) | $ 4,735.53 |
| 2. Internal Revenue Service 1040 - Tax Period 12/31/2012 (In Negotiation w/IRS) (Lien Serial No.: 247815517; Date: February 2, 2017) | $ 9,089.58 |
| TOTAL: | $ 13,834.91 |

## SCHEDULE "D-3"

### CLAIMS PRESENTED BUT REJECTED

DESCRIPTION                              AMOUNT

None.

12

## SCHEDULE "D-4"

## CONTINGENT AND POSSIBLE CLAIMS

1.   As described on Schedule "B" and Schedule "J", a Claim was filed on September 19, 2016 by the United States of America (Index No. 16-CV-5190(BMC) ) against inter alia property and premises located at 336 Chelsea Avenue, Davenport, Polk County, Florida, 33837 (the "Premises") pursuant to 21 U.S.C. § 881 (a)(6) and 18 U.S.C. § 981 alleging same to be "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §801..." (the "Forfeiture Action"). Although the Decedent was not named as a party to said Forfeiture Action, title to the Premises named therein was held by "60-54 55th St., LLC" (the "LLC"), in which the Decedent held a one-half (1/2) interest comprised of ten (10) shares (See Schedule "A").

In connection with said Forfeiture Action, the Administrator retained the services of Joseph DiBenedetto, Esq., with offices at 233 Broadway, Ste. 2707, New York, New York 10279, to appear on behalf of the Estate in order to protect and preserve the Estate asset being 10 shares, or a one-half (1/2) interest, in the LLC which owned title to the Premises.   A Decree of Forfeiture and Order for Delivery in connection with said Forfeiture Action was entered on April 4, 2017, a copy of which is attached hereto as Exhibit "C", and a Stipulation of Settlement was entered into on even date, a copy of which is attached as Exhibit "D".

It is unknown if any further or additional claim will be made by the United States of America pursuant to 21 U.S.C. § 881 (a)(6) and 18 U.S.C. § 981 against the assets held by the Decedent and accounted for herein.

13

## SCHEDULE "D-5"

## PERSONAL CLAIMS REQUIRING APPROVAL BY THE COURT

None.

14

## SCHEDULE "E"

## STATEMENT OF DISTRIBUTIONS MADE

None

15

## SCHEDULE "F"

## STATEMENT OF NEW INVESTMENTS, EXCHANGES AND STOCK DISTRIBUTIONS

None

16

## SCHEDULE "G

## STATEMENT OF ALL PERSONAL PROPERTY
## REMAINING ON HAND

I. **CASH:**

1.  JPMorgan Chase Bank, N.A.                    $   6,763.36
    Account No. 459764960
    "Est. of Rafael Flores, Damaris
    Flores Exec."

II. **SECURITIES:**

2.  Ten (10) Shares "60-54 55th St.,         $ 497,500.00[7]
    LLC", said Shares representing a
    one-half (1/2) interest in the LLC.
    LLC is the title holder of Premises
    at 60-54 55th Street, Maspeth, New
    York (See Schedule "A").

                                             _____

**TOTAL SCHEDULE G:**                        $   504,263.36

_____

[7]See Exhibit "A".

SCHEDULE "H"

STATEMENT OF INTERESTED PARTIES

1.  Damaris Flores
    71-15 67th Street
    Glendale, New York 11385

    Administrator; Surviving
    Spouse of Decedent and
    Intestate Distributee.
    **Interest:** Fifty Thousand
    ($50,000.) Dollars and
    one-half of residue or
    $416,328.07[8]

2.  Rafael Flores, Jr.
    71-15 67th Street
    Glendale, New York 11385

    Issue and Intestate
    Distributee.
    **Interest:** One-Fifth (1/5)
    of balance of residue[9]
    or $83,265.61;

3.  Samantha Luz Flores
    A/K/A Victoria Luz Flores
    71-15 67th Street
    Glendale, New York 11385

    Issue and Intestate
    Distributee.
    **Interest:** One-Fifth (1/5)
    of balance of residue or

4.  Jasmine Marie
    71-15 67th St
    Glendale, Ne

5.  Jenise Nicol
    432 Jefferson
    Brooklyn, Ne

5.  Delilah Mari
    71-15 67th S
    Glendale, Ne

    of balance of residue or
    $83,265.61;

6.  Internal Revenue Service

    Claim (See Sched. D-2);

---

[8]Residue is equal to $832,656.14, or "Balance on Hand" equal to $504,263.36 (Sched. "G") together with Equity Value of 71-15 67th Street (Sched. "J" Note "1") in the amount of $417,523.81, less the unpaid claim of the IRS of $13,834.91, Administrator's Commissions of $25,296.12 and $50,000.00 per EPTL §4-1.1(a)(1).

[9]The balance of the residue is $416,328.07.

18

Attn: Technical Advisory Group
290 Broadway
Mail Stop 05-A
New York, New York 10007

7.  United States District Court          Possible Claim (See
    Eastern District of New York          Sched. D-4);
    225 Cadman Plaza East
    Brooklyn, New York 11201

8.  Joslynn Flores (A Minor)              Claimant (File No. 2016-
    725 Fox Street                        3463/C); Claiming status
    Bronx, New York 10455                 as Issue and Distributee;

9.  Monica Rivera                         Parent of Joslyn Flores,
    725 Fox Street                        #8 above.
    Bronx, New York 10455

The records of the Surrogate's Court of the State of New York,
Queens County, have been searched for Powers of Attorney and
Assignments and Encumbrances made and executed by any of the
persons interested in or entitled to a share of the Estate, and
the accounting party has found none of the aforementioned.
Further, the accounting party has no knowledge of the execution
of any such Power of Attorney or Assignment not so filed and
recorded.

19

SCHEDULE "I"

## STATEMENT OF COMPUTATION OF COMMISSIONS

### COMMISSIONS

Receiving Commissions

| | | | |
|---|---|---|---|
| Schedule A | $ 781,183.73 | | |
| Schedule A-1 | $ 0.00 | | |
| Schedule A-2 | $ 48,686.68 | | |
| | $ 829,870.41 | | |
| 2-1/2% of the 1st | $ 100,000.00 = | $ 2,500.00 | |
| 2% of the 2nd | $ 200,000.00 = | $ 4,000.00 | |
| 1-1/2% of 3rd | $ 529,870.41 = | $ 7,948.06 | |
| | $ 829,870.41 | $ 14,448.06 | |

Paying Commissions

| | | | |
|---|---|---|---|
| Schedule A | $ 781,183.73 | | |
| Schedule A-1 | $ 0.00 | | |
| Schedule A-2 | $ 48,686.68 | | |
| Minus Schedule B | $ 240,000.00 | | |
| | $ 589,870.41 | | |
| 2-1/2% of the 1st | $ 100,000.00 = | $ 2,500.00 | |
| 2% of the 2nd | $ 200,000.00 = | $ 4,000.00 | |
| 1-1/2% of 3rd | $ 289,870.41 = | $ 4,348.06 | |
| | $ 589,870.41 | $ 10,848.06 | |

**TOTAL COMMISSIONS PAYABLE**          $ 25,296.12

20

## SCHEDULE "J"

### STATEMENT OF OTHER PERTINENT FACTS AND OF CASH RECONCILIATION

### PERTINENT FACTS

1.    The Decedent owned outright Property and Premises located at 71-15 67th Street, Glendale, New York 11385 (the "Premises"). Said Premises is a two (2) Family Residential Dwelling, of which one (1) Dwelling Unit is occupied by the Decedent's Widow Damaris Flores, Administrator herein, and Decedent's Minor Child Delilah Mariah Flores (D/O/B: 2/2/07).  The second dwelling unit is rented and the rental received is shown at Schedule "A-2 (II)".

The Appraised Valuation of said Premises is $750,000.00 (See Exhibit "E"), and there is a Mortgage on said Premises which has an outstanding principal balance on the date of Decedent's death in the amount of $332,476.19 (See Exhibit "F").  There are no other mortgages or liens on said Premises known at this time.

Accordingly, said Premises have an equity value of approximately $417,523.81, which is to be distributed to the those parties as shown below.

2.    It is to be noted that Damaris Flores, surviving spouse of the Decedent and Administrator of the Estate, lives in the Premises together with Delilah Mariah Flores (A Minor), issue of the Decedent.  The Premises was wholly owned by the Decedent, as shown above. Said Premises was the marital residence of Damaris Flores and the Decedent along with said minor child of the marriage prior to his death.

As shown above, the appraised value of the Premises is $750,000.00 subject to a mortgage with an outstanding principal balance on the date of Decedent's death of $332,476.19.  Thus the equity value of the Premises is approximately $417,523.81.

Said Damaris Flores wishes to continue to reside in the Premises and is willing to take ownership of the Premises as distribution of her interest in the Estate.  Her interest in the Estate (not including commissions) as shown on Schedule "H" is $466,328.07, thus if she takes the ownership of the Premises subject to the outstanding mortgage, her distribution from the Estate is:

$466,328.07 - $417,523.81 = $48,804.26 (Balance Due)

3.    As shown on Schedule "A"(1.)(ii), the Decedent held a one-

21

half (1/2) interest comprised of ten (10) shares in "60-54 55th St., LLC", a New York Limited Liability Company (the "LLC").   As shown on Schedule "A", the LLC owned property and premises located at 336 Chelsea Avenue, Davenport, Florida (the "Florida House"), being a single family home.  As stated on Schedule "B" herein, on or about September 19, 2016, a Claim was filed by the United States of America (Index No. 16-CV-5190(BMC) ) against **inter alia** said Florida House located at 336 Chelsea Avenue, Davenport, Florida, pursuant to 21 U.S.C. § 881 (a)(6) and 18 U.S.C. § 981 alleging same to be "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §801..." (the "Forfeiture Action"). Although the Decedent was not named as a party to said Forfeiture Action, title to the Florida House named therein was held by "60-54 55th St., LLC" (the "LLC"), in which as stated above the Decedent held a one-half (1/2) interest (See Schedule "A").

In connection with said Forfeiture Action, the Administrator retained the services of Joseph DiBenedetto, Esq., with offices at 233 Broadway, Ste. 2707, New York, New York 10279, to appear on behalf of the Estate in order to protect and preserve the Estate asset being the ten (10) shares, or one-half (1/2) interest, in the LLC which owned title to the Florida House.   A Decree of Forfeiture and Order for Delivery in connection with said Claim was entered on April 4, 2017, a copy of which is attached hereto as Exhibit "C", and a Stipulation of Settlement of the Claim was entered into on even date, a copy of which is attached as Exhibit "D".

As stated in the Stipulation of Settlement at ¶5 (See Exhibit "D"), "Upon entry of a Decree of Forfeiture, the United States agrees to remit $115,000.00 of the Defendant Funds to 60-54 55th St., LLC, less any debt owed to the United States, any agency of the United States, or any other debt of 60-54 55th St., LLC which the United States is authorized to collect (the "Settlement Amount")."

As stated in Footnote 3 to Schedule "A", other property not belonging to the Estate was included in the Forfeiture Action. Said Forfeiture Action included a cash account in the name of "Rafael Flores, Jr.", which account held the sum of $266,369.96. As the Stipulation of Settlement provides for a payment of $115,000.00 ("...less any debt owed to the United States, any agency of the United States, or any other debt of 60-54 55th St., LLC which the United States is authorized to collect") to the Defendants, the percentage share of the Estate to the Settlement Amount is 32.15%, calculated as follows:

<u>$480,000.00</u> (appraised value of Premises)
$746,370.00 (Value of Premises plus cash account)

Thus, the share of the Settlement Amount represented by the ratio of the value of the Florida House to the entire Settlement Amount, which equals .643 or 64.3%, of which the Estate has a 1/2 interest, or 32.15%  Thus the Estate will have a <u>future</u> share in the Settlement Amount when received, which <u>without deduction as stated above</u>, will equal $36,972.50.

However, at the time of the within Accounting, the payment of the Settlement Amount has not been received and remains unpaid to the date hereof.

4.   The Decedent owned the following automobiles at the time of his death (Title to the Corvette could not be found):

| Description | Value (approx.) |
|---|---|
| i.   2013 Nissan Altima (Sedan) (See Appraisal Exh. "G") | $ 10,863.00 |
| ii.   2005 Nissan Quest (Minivan) (See Exh. "G") | $  2,878.00 |
| iii. 1988 Chevrolet Corvette (See Exh. "G") | $  6,100.00 |
| iv.   1991 Ford Mustang (See Exh. "G") | $  5,600.00 |

23

RECONCILIATION

CHARGES:

Amount shown on Schedule "A"
    (Principal Received) . . . . . .  $  781,183.73

Amount shown on Schedule "A-1"
    (Realized Increases) . . . . . .  $       0.00

Amount shown by Schedule "A-2"
    (Income Collected)  . . . . . .  $   48,686.68

      **TOTAL CHARGES** . . . . . . . . . .  $  829,870.41

CREDITS:

Amount shown by Schedule "B"
    (Realized Decreases) . . . . . .  $  240,000.00

Amount shown by Schedule "C"
    (Administration expenses). . . .  $   84,414.96

Amount shown by Schedule "D"
    (Creditors' claims Paid) . . . .  $    1,241.45

      **TOTAL CREDITS** . . . . . . . .  $  325,656.41

Reconciliation (Charges less Credits) . . . .  $  504,214.00

Balance on Hand Shown by Schedule "G" . . . .  $  504,263.36

      The foregoing Balance on Hand is subject to deduction for the balance of legal fees together with proper charge to principal of expenses of this Accounting.

      **Bank Statements** for Account "Est of Rafael Flores, Damaris Flores Exec" for the period December 8, 2016 through May 3, 2017 are attached hereto as Exhibit "H".

      The within Account of Proceedings is an **Intermediate Account** and not a Final Account since the Estate has not as yet proceeded to the sale of real estate holdings.

      The within Account is made and subject to adjustment for the actual realized sale price of the realty holdings held by

the Estate, together with the expenses of sale such as broker fees, attorney fees, title costs and transfer taxes.

The within Account, specifically "Balance on Hand", is also subject to payment of the claim against the Estate by the Internal Revenue Service as shown at Schedule "D-2".

The within Account is also subject to collection of the portion of the "Settlement Amount" owing to the Estate detailed at Note "3." above.  Said collection has not as of the date of the within Accounting been received, and may be subject to deduction in whole or in part as explained above.

## SCHEDULE "K"

### STATEMENT OF ESTATE TAXES PAID AND ALLOCATION THEREOF

None

# Evaluation of Property

# August 25th, 2016



Prepared For

**60-54 55th St LLC**
60-54 55th St
Maspeth, NY 11378

Prepared By

Sal Crifasi, Associate Broker
saljoseph@crifasi.com
Work: 718-908-4223
crifasi.com



Crifasi Real Estate Inc
313 Graham Ave
Brooklyn, NY 11211
(718)782-4411
www.crifasi.com

August 25th, 2016

60-54 55th St LLC
60-54 55th St
Maspeth, NY 11378

Dear 60-54 55th St LLC:

Re: 60-54 55th St

I, Sal J. Crifasi, with an office located at 313 Graham Ave, Brooklyn, New York, 11211 as a Licensed Associate Broker with License # 10301205163 was asked to give my professional opinion on the Property Value of 60-54 55th Street, Maspeth, NY 11378.

Based on my research of Comparable Sales, I was able to determine a Current Market Value of <u>Nine Hundred and Ninety-Five Thousand Dollars ($995,000.00).</u>

We look forward to working with you in the future. Our firm is committed to providing you with professional and dedicated service. Please do not hesitate to contact me should you require any further information.

Sincerely,

Sal Joseph Crifasi



Crifasi Real Estate Inc
313 Graham Ave
Brooklyn, NY 11211
Mobile: 718-908-4223 Office: 718-782-4411
Email: saljoseph@crifasi.com
www.crifasi.com

# Subject Property Details



**Location:**
60-54 55th St
Maspeth, Ny 11378
School District: Community District 24 - 24
Development:
Section/Area:
Waterfront: N     Waterview: N     Waterfront Desc:

**Suggested Price and Taxes:**
Taxes: $4,669.00     Village Taxes:
Total Taxes:     Taxes W/Basic Star:

**Property Characteristics:**
4 Family, Att 2 Story
Rooms: 16; Bedrooms: 8; MBR 1st: Y; Baths Full: 4; Baths Half: 0
Dining Room: None; Wood Floors: Y; Kitchens: 4; Eat In Kitchen: Y
Basement: Full; Finished Basement: N; Fireplaces: 0; Garage: 0; Driveway: N
Heat: -; Fuel: -;
Aprox Interior Sqft: 3000; Approximate Year Built: 1915
New Construction: N; Construction: Frame; Appearance: Very Good
Lot Size: 25 x 100;
REO: N; Short Sale: N

**Comments:**
Four family house that is completely occupied. Gross Income is Approximately $54,000 per year (Apt 1L $1050, Apt 1R $1050, Apt 2L $1300, Apt 2R $1100). Annual Expenses Approximately $14,000 per year. Net Operating Income is $40,000 (not including any mortgages). All apartments are renovated and in good condition.

Information supplied by third parties and not by Multiple Listing Service of Long Island, Inc.
Information Copyright © 2016 Multiple Listing Service of Long Island, Inc.

1

Exhibit B

"THIS ANALYSIS HAS NOT BEEN PERFORMED IN ACCORDANCE WITH THE UNIFORM STANDARDS OF PROFESSIONAL APPRAISAL PRACTICE WHICH REQUIRE VALUERS TO ACT AS UNBIASED, DISINTERESTED THIRD PARTIES WITH IMPARTIALITY, OBJECTIVITY AND INDEPENDENCE AND WITHOUT ACCOMMODATION OF PERSONAL INTEREST. IT IS NOT TO BE CONSTRUED AS AN APPRAISAL AND MAY NOT BE USED AS SUCH FOR ANY PURPOSE."



Researched and prepared by

Liz Wilson

Prepared exclusively for

Damaris Nieves

Prepared on
March 24, 2017

Subject Property

336 CHELSEA AVENUE

Florida

33837-8909



Liz Wilson

JC PENNY REALTY, LLC.

8701 West Irlo Bronson Memorial Highway

Suite 200

Kissimmee, Florida 34747

863-557-6135

Liz@JCPennyRealty.com

http://www.LizWilsonHomes.net

# Comparative Market Analysis

336 CHELSEA AVENUE

Polk, 33837

Friday, March 24, 2017

## Summary of Comparable Listings

This page summarizes the comparable listings contained in this market analysis.

### Active Listings

| Address | Price | Bds | Bth | Sqft Ht | Acres | List Date | DOM |
|---|---|---|---|---|---|---|---|
| 336 CHELSEA AVENUE Florida | | 6 | 4 | 4684 | 0.200 | | |
| 2454 HERITAGE GREEN AVENUE FL | $459,000 | 5 | 4 | 4,049 | 0.210 | 02/01/2017 | 40 |
| 2245 CALLAWAY COURT FL | $475,000 | 5 | 4 | 4,049 | 0.010 | 11/10/2016 | 134 |
| 314 CHADWICK DRIVE FL | $485,000 | 5 | 4 | 4,106 | 0.280 | 01/20/2017 | 63 |
| Averages: | $473,000 | 5.0 | 4.0 | 4,068 | 0.167 | | 79 |

### Sold Listings

| Address | Price | Bds | Bth | Sqft Ht | Acres | SLD Date | DOM |
|---|---|---|---|---|---|---|---|
| 336 CHELSEA AVENUE Florida | | 6 | 4 | 4684 | 0.200 | | |
| 449 CHELSEA AVENUE FL | $440,000 | 5 | 4 | 4,038 | 0.190 | 08/08/2016 | 115 |
| 214 CHELSEA AVENUE FL | $460,000 | 4 | 4 | 4,010 | 0.200 | 12/08/2016 | 106 |
| 2436 HERITAGE GREEN AVENUE FL | $499,500 | 5 | 4 | 4,034 | 0.210 | 08/31/2016 | 287 |
| 2472 HERITAGE GREEN AVENUE FL | $602,500 | 5 | 4 | 5,003 | 0.210 | 03/02/2017 | 128 |
| Averages: | $500,500 | 4.8 | 4.0 | 4,271 | 0.203 | | 159 |

| | Low | Median | Average | High | Count |
|---|---|---|---|---|---|
| Comparable Price | $440,000 | $475,000 | $488,714 | $602,500 | 7 |
| Adjusted Comparable Price | $440,000 | $475,000 | $488,714 | $602,500 | 7 |

On Average, the 'Sold' status comparable listings sold in 159 days for $500,500

Researched and prepared by Liz Wilson
(261011850) JC PENNY REALTY LLC

# Comparative Market Analysis

336 CHELSEA AVENUE
Polk, 33837

Friday, March 24, 2017

## Pricing Recommendation

This page suggests a recommended selling price based on a thorough analysis of your property.

**Suggested List Price between $460,000 to $500,000**
Using the price per square footage cost approach, and adjusting values when comparing home with pools is how value was achieved.

**Exhibit C**

SLR:BDM:TRP
F. #2014V02159

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

           -against-

APPROXIMATELY TWO HUNDRED
SIXTY-SIX THOUSAND THREE HUNDRED
SIXTY-NINE DOLLARS AND NINETY-SIX
CENTS IN UNITED STATES CURRENCY
($266,369.96) SEIZED FROM J.P. MORGAN
CHASE BANK, N.A. ACCOUNT NUMBER
3132422134, HELD IN THE NAME OF RAFAEL
FLORES, JR., AND ALL PROCEEDS
TRACEABLE THERETO; and

THE REAL PROPERTY AND PREMISES
LOCATED AT 336 CHELSEA AVENUE,
DAVENPORT, FLORIDA.

              Defendants *In Rem.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DECREE OF FORFEITURE
AND ORDER FOR DELIVERY**

16-CV-5190 (BMC)

      WHEREAS, on or about April 22, 2015, law enforcement agents with the Federal

Bureau of Investigation seized approximately Thirty-Four Thousand Two Hundred Forty-Four

Dollars and Zero Cents ($34,244.00) in United States currency from 71-15 67th Street, Queens,

New York (the "Seized Currency"), pursuant to a duly authorized search warrant issued by the

Honorable Vera M. Scanlon, United States Magistrate Judge for the Eastern District of New

York, in accordance with 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981, as moneys, negotiable

instruments, securities, or other things of value furnished or intended to be furnished in exchange

for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21

U.S.C. §§ 801, et seq. (the "CSA"), proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the CSA;

WHEREAS, on or about September 19, 2016, the United States commenced the above-captioned action by filing a Verified Complaint *in rem* (the "Complaint") alleging that: a) approximately Two Hundred Sixty-Six Thousand Three Hundred Sixty-Nine Dollars and Ninety-Six Cents ($266,369.96) seized from J.P. Morgan Chase Bank, N.A. account number 3132422134, held in the name of Rafael Flores, Jr. (the "Defendant Funds"); and b) the real property and premises located at 336 Chelsea Avenue, Davenport, Florida; to wit, Lot 64, Chelsea Woods at Providence, according to the Plat thereof as recorded in Plat Book 132, Pages 3 through 7, Public Records of Polk County, Florida. Parcel Identification Number 27-26-13-704001-000640 (the "Defendant Property") were subject to forfeiture to the United States pursuant to: i) 21 U.S.C. § 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. (the "CSA"), proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the CSA; and/or ii) 21 U.S.C. § 881(a)(7), as real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the CSA punishable by more than one year's imprisonment;

WHEREAS, on or about September 21, 2016, United States District Judge Brian M. Cogan issued a Warrant for Arrest of Articles *In Rem*, authorizing the continued restraint of the Defendant Funds;

*Decree of Forfeiture and Order for Delivery*
*United States v. $266,369.96, et al.*, 16-CV-5190 (BMC)
Page | 2

WHEREAS, notice of the forfeiture of the Defendants *In Rem* was sent to all potential claimants by certified mail, return receipt requested;

WHEREAS, consistent with the custom and practice in this district, the United States published notice of this action on an official government website, www.forfeiture.gov, for at least (30) consecutive days, beginning on October 1, 2016 and ending on October 30, 2016;

WHEREAS, on or about October 20, 2016, the government filed a Notice of Pendency against the Defendant Property and posted a copy of the Complaint on the Defendant Property pursuant to 18 U.S.C. § 985;

WHEREAS, on or about November 30, 2016, Rafael Flores, Jr., Jenise Flores, Victoria Flores, Damaris Flores, Wilfredo Flores, Jasmine Flores and 60-54 55th St., LLC[1] (collectively, the "Claimants") each filed a claim to the Defendant Property;

WHEREAS, on or about November 30, 2016, Rafael Flores, Jr. filed a claim to the Defendant Funds;

WHEREAS, other than the Claimants, no person or entity has filed a claim or statement of interest, an answer, or other response of any kind to the Complaint, has requested, or has been granted an extension of time in which to do so, and the time to do so has expired;

WHEREAS, Claimants and the United States, seeking to resolve this matter without further litigation, have entered into a Stipulation of Settlement (the "Stipulation"); and

WHEREAS, pursuant to the Stipulation, among other things, a) the Claimants agree to forfeit all right, title, and interest they may have in the Defendant Property and the Seized Currency; b) Claimants agree to the administrative forfeiture of the Seized Currency; c)

---

[1] The claim filed on November 30, 2016 on behalf of 60-54 55th St., LLC incorrectly listed claimant's name as 60-54 55th Street, LLC.

*Decree of Forfeiture and Order for Delivery*
*United States v. $266,369.96, et al., 16-CV-5190 (BMC)*
*Page | 3*

the United States agrees to return $115,000.00 of the Defendant Funds to 60-54 55th St., LLC,

less any debt owed to the United States, any agency, of the United States, or any other debt of

60-54 55th St., LLC which the United States is authorized to collect (the "Settlement Amount");

and d) Claimants agree to forfeit all right, title and interest in the remainder of the Defendant

Funds to the United States, including any interest that may have accrued since the date of seizure

(the "Forfeited Funds");

UPON the joint motion of the United States of America and the Claimants,

IT IS HEREBY ORDERED, ADJUGED AND DECREED as follows:

1.      Upon entry of this Decree of Forfeiture and Order for Delivery

("Decree"), all persons, other than the Claimants, having been given due notice of these

proceedings, and none of those persons or entity having interposed a statement of interest, an

answer, or other response of any kind to the Complaint, the Court notes the default of all persons

having an interest in the Defendants *In Rem.*

2.      Pursuant to 21 U.S.C. §§ 881(a)(6) and (7), the Defendant Property and

the Forfeited Funds are hereby forfeited and condemned to the use and benefit of the United

States.

3.      Following entry of this Decree, the United States shall release the

Settlement Amount to 60-54 55th St., LLC in accordance with its practices and procedures.

4.      The Internal Revenue Service, and/or their duly agents and/or contractors,

are directed to dispose of the Defendant Property and the Forfeited Funds in accordance with all

applicable laws and regulations.

5.      The Clerk of Court is directed to close this action with prejudice, and shall

enter judgment accordingly.

*Decree of Forfeiture and Order for Delivery*
*United States v. $266,369.96, et al., 16-CV-5190 (BMC)*
*Page | 4*

6.      The Court shall retain jurisdiction over any claims concerning enforcement of the Stipulation.

7.      The Clerk of this Court shall forward five (5) certified copies of this Partial Decree to the United States Attorney for the Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, Attention: Yvette Ramos, FSA Paralegal.

Dated: Brooklyn, New York
        April 4, 2017

                                                BRIDGET M. ROHDE
                                                Acting United States Attorney
                                                Eastern District of New York
                                                271-A Cadman Plaza East
                                                Brooklyn, New York 11201

                                        By:     _Tanisha Payne_____
                                                Tanisha R. Payne
                                                Assistant United States Attorney
                                                (718) 254-6358


Dated: New York, New York
        _April 4_____, 2017

                                                JOSEPH DIBENEDETTO
                                                The Law Office of Joseph
                                                DiBenedetto, P.C.
                                                Attorney for Claimants
                                                233 Broadway, Suite 2707
                                                New York, NY  10279

                                        By:     _____
                                                Joseph DiBenedetto, Esq.
                                                (212) 608-5858


Date:   April 4, 2017
        _____

                                                SO ORDERED:
                                                Digitally signed by Brian M.
                                                Cogan
                                                _____
                                                HONORABLE BRIAN M. COGAN
                                                UNITED STATES DISTRICT JUDGE
                                                EASTERN DISTRICT OF NEW YORK

_Decree of Forfeiture and Order for Delivery_
_United States v. $266,369.96, et al., 16-CV-5190 (BMC)_
Page | 5

**Exhibit D**

SLR:BDM:TRP
F. #2014V02159

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

              -against-

APPROXIMATELY TWO HUNDRED
SIXTY-SIX THOUSAND THREE HUNDRED
SIXTY-NINE DOLLARS AND NINETY-SIX
CENTS IN UNITED STATES CURRENCY
($266,369.96) SEIZED FROM J.P. MORGAN
CHASE BANK, N.A. ACCOUNT NUMBER
3132422134 HELD IN THE NAME OF RAFAEL
FLORES, JR., AND ALL PROCEEDS
TRACEABLE THERETO; and

THE REAL PROPERTY AND PREMISES
LOCATED AT 336 CHELSEA AVENUE,
DAVENPORT, FLORIDA.

              Defendants *In Rem.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**STIPULATION OF SETTLEMENT**

16-CV-5190 (BMC)

        WHEREAS, on or about April 22, 2015, law enforcement agents with the Federal Bureau of Investigation seized approximately Thirty-Four Thousand Two Hundred Forty-Four Dollars and Zero Cents ($34,244.00) in United States currency from 71-15 67th Street, Queens, New York (the "Seized Currency"), pursuant to a duly authorized search warrant issued by the Honorable Vera M. Scanlon, United States Magistrate Judge for the Eastern District of New York, in accordance with 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981, as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21

U.S.C. §§ 801, et seq. (the "CSA"), proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the CSA;

WHEREAS, the United States commenced the above-captioned action on or about September 19, 2016, by filing a Verified Complaint *in rem* (the "Complaint") alleging that: a) approximately Two Hundred Sixty-Six Thousand Three Hundred Sixty-Nine Dollars and Ninety-Six Cents ($266,369.96) seized from J.P. Morgan Chase Bank, N.A. account number 3132422134, held in the name of Rafael Flores, Jr. (the "Defendant Funds"); and b) the real property and premises located at 336 Chelsea Avenue, Davenport, Florida (the "Defendant Property") were subject to forfeiture to the United States pursuant to: i) 21 U.S.C. § 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. (the "CSA"), proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the CSA; and/or ii) 21 U.S.C. § 881(a)(7), as real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the CSA punishable by more than one year's imprisonment;

WHEREAS, on or about September 21, 2016, United States District Judge Brian M. Cogan issued a Warrant for Arrest of Articles *In Rem*, authorizing the continued restraint of the Defendant Funds;

WHEREAS, on or about September 30, 2016, notice of the forfeiture of the Defendants *In Rem* was sent to all potential claimants by certified mail, return receipt requested;

WHEREAS, consistent with the custom and practice in this district, the United States published notice of this action on an official government website, www.forfeiture.gov, for at least (30) consecutive days, beginning on October 1, 2016 and ending on October 30, 2016;

WHEREAS, on or about October 20, 2016, the government filed a Notice of Pendency against the Defendant Property and posted a copy of the Complaint on the Defendant Property pursuant to 18 U.S.C. § 985;

WHEREAS, on or about November 30, 2016, Rafael Flores, Jr., Jenise Flores, Victoria Flores, Damaris Flores, Wilfredo Flores, Jasmine Flores and 60-54 55th St., LLC (collectively, the "Claimants") each filed a claim to the Defendant Property;

WHEREAS, on or about November 30, 2016, Rafael Flores, Jr. filed a claim to the Defendant Funds;

WHEREAS, Claimants have declared and affirmed that they hold an exclusive ownership interest in the Defendant Property;

WHEREAS, Claimant Rafael Flores, Jr. has declared and affirmed that he holds an exclusive ownership interest in the Defendant Funds;

WHEREAS, with the exception of the Claimants, no other person or entity has filed a verified statement of interest as to the Defendants *In Rem* nor has anyone requested, or been granted, an extension of time in which to do so, and the time to do so has expired;

WHEREAS, Joseph DiBenedetto, Esq., is duly authorized to represent the Claimants and to execute this Stipulation of Settlement ("Stipulation") as their counsel; and

WHEREAS, the Claimants and the United States have agreed to resolve and settle this matter between them in full without further litigation under the terms set forth below,

IT IS HEREBY STIPULATED AND AGREED by and between the United States and the Claimants as follows:

1.    Claimants represent that they are the exclusive owners of the Defendant Property and are authorized to execute this and all other documents necessary to resolve the seizure and forfeiture of the Defendant Property.

2.    Claimant Rafael Flores, Jr. represents that he is the sole and exclusive owner of the Defendant Funds and is authorized to execute this and all other documents necessary to resolve the seizure and forfeiture of the Defendant Funds.

3.    Claimant Damaris Flores represents that she is the duly authorized Administrator of the Estate of Rafael Flores pursuant to Letters of Administration and a Decree Appointing Administrator issued in Surrogate's Court of the State of New York, County of Queens, and is authorized to execute this and all other documents necessary to resolve the seizure and forfeiture of the Defendant Funds and the Defendant Property on behalf of the Estate of Rafael Flores.

4.    Upon execution of this Stipulation, the Claimants agree to forfeit all right, title, and interest they may have in the Defendant Property to the United States. Claimants further agree to take whatever steps are necessary to ensure that clear title to the Defendant Property passes to the United States and comply with the duly executed Occupancy Agreement attached hereto as Exhibit A.

5.    Upon entry of a Decree of Forfeiture, the United States agrees to remit $115,000.00 of the Defendant Funds to 60-54 55th St., LLC, less any debt owed to the United States, any agency, of the United States, or any other debt of 60-54 55th St., LLC which the United States is authorized to collect (the "Settlement Amount"). The Claimants agree to forfeit

the remainder of the Defendant Funds to the United States, including any interest that may have accrued since the date of seizure (the "Forfeited Funds"). The Debt Collection Improvement Act of 1996 (DCIA), 31 U.S.C. § 3716, requires the Department of the Treasury, the United States Marshals Service, and other disbursing officials to offset Federal payments to collect delinquent non-tax debts owed to the United States, or delinquent debts owed to states, including past-due child support enforced by states.  If an offset to the Settlement Amount is made during an electronic funds transfer, 60-54 55th St., LLC will receive a notification from the government at the last address provided by the debtor to the creditor.  If 60-54 55th St., LLC believes that the Settlement Amount may be subject to an offset, it may contact the Treasury Department at 1-800-304-3107.

      6.     Claimants waive any and all right, title and interest they may have in the Seized Currency; waive all time limits set forth in 18 U.S.C. § 983 and any claim to further notice of forfeiture pursuant to the duly executed Waiver of Timely Notice attached hereto as Exhibit B; and agree to the administrative forfeiture of the Seized Currency.

      7.     Claimants agree to release, remise, and forever discharge the United States and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which they and/or their heirs, agents, assignees, representatives and successors, and/or the Estate of Rafael Flores, ever had, now have, or hereafter may have against the United States and its agencies, agents, officers, and employees, past and present, for or on account of: the restraint and/or seizure of the Defendants *In Rem* and the Seized Currency, including any claims concerning the condition of the Defendants *In Rem* and the Seized Currency; the commencement of this action; and the settlement of this action. Claimants further agree that they shall hold the United States, its agencies, agents, employees and officers, past and present, harmless from any

and all claims or suits brought by any persons or entities concerning, referring or related to the Defendants *In Rem* and the Seized Currency, and that they shall: (a) indemnify the United States and its agencies, agents, employees and officers, past and present, for any claims to the Defendants In Rem and the Seized Currency; (b) if demanded by the United States, defend any such suit; and (c) provide evidence and testimony necessary to the defense of such suit.

        8.     Claimants agree to execute any documents necessary to effectuate the timely return of the Settlement Amount pursuant to this Stipulation, including all documents required to initiate an electronic funds transfer.

        9.     Claimants waive all time limits set forth in 18 U.S.C. § 983 and any claim to further notice of forfeiture.

        10.     Claimants waive their rights, if any, to use this matter, the seizure, restraint, and/or forfeiture of the Defendants *In Rem* and the Seized Currency, or the settlement of this matter as a basis for any statutory or constitutional defense, including, without limitation, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment in any other civil, criminal, or administrative action.

        11.     Claimants and the United States agree that each party shall bear its own costs and attorney's fees. Claimants further agree to waive any and all rights, if any, they have to recover attorney's fees under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

        12.     Claimants shall withdraw and not pursue further any claim or petition for remission or mitigation in connection with the Defendants *In Rem* and the Seized Currency.

        13.     In consideration of the foregoing, and provided no other person or entity files any claims to the Defendants *In Rem* and/or the Seized Currency, counsel for the United

States shall submit to the Court a proposed Decree of Forfeiture and Order for Delivery forfeiting the Defendants *In Rem* and remitting the Settlement Amount to 60-54 55th Street, LLC. Once approved by the Court, the United States shall arrange for the payment of the Settlement Amount, which shall be paid by electronic transfer to a bank account listed on a duly executed electronic payment form submitted by Claimants. The Seized Currency shall be administratively forfeited in accordance with all applicable laws and regulations.

14.     This Stipulation shall in no way be deemed an admission of culpability, liability, or guilt on behalf of the Claimants or the United States or any of its respective agents, officers, representatives, or employees, past and present. Further, this Stipulation shall in no way constitute any reflection upon the merits of the claims and defenses, if any, asserted by the United States and Claimants, respectively.

15.     This Stipulation contains the entire agreement between the parties and may be modified only by express written consent of the United States and the Claimants. This Stipulation may be executed in several counterparts. All such counterparts and signature pages, together, shall be deemed to be one document. If any provision of this Stipulation is hereafter determined to be invalid for any reason, the balance of this Stipulation shall remain in full force and effect.

Dated: Brooklyn, New York
       April  4         , 2017

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
271-A Cadman Plaza East
Brooklyn, New York 11201

By:  *Tanisha Payne*
     Tanisha R. Payne
     Assistant United States Attorney
     (718) 254-6358

AGREED AND CONSENTED TO BY:

Dated: New York, New York
*April 4, 2017*, 2017

JOSEPH DIBENEDETTO
The Law Office of Joseph
DiBenedetto, P.C.
Attorney for Claimants
233 Broadway, Suite 2707
New York, NY 10279

By: _____
Joseph DiBenedetto, Esq.
(212) 608-5858

_____
RAFAEL FLORES, JR., Claimant

On the 3rd day of APRIL in the year 2017, Rafael Flores, Jr., known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that he executed the foregoing document.

_____
NOTARY PUBLIC
JOSEPH GELLER
Notary Public, State of New York
No.02GE4945774
Qualified in Queens County
Commission Expires August 26 20__

_____
JENISE FLORES, Claimant

On the 3rd day of APRIL in the year 2017, Jenise Flores, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that she executed the foregoing document.

_____
NOTARY PUBLIC
JOSEPH GELLER
Notary Public, State of New York
No.02GE4945774
Qualified in Queens County
Commission Expires August 26 20__

*Stipulation of Settlement*
*United States v. $268,369.96, et al., 16-CV-5190 (BMC)*
*Page 5*

AGREED AND CONSENTED TO BY:

*Damaris Flores*

DAMARIS FLORES, Claimant

On the 3ᴿᴰ day of APRIL in the year 2017, Damaris Flores, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that she executed the foregoing document.

*[signature]*

NOTARY PUBLIC

JOSEPH GELLER
Notary Public, State of New York
No.02GE4985774
Qualified in Queens County
Commission Expires August 26  20 17

*Damaris Flores Administrator*

ESTATE OF RAFAEL FLORES
By DAMARIS FLORES, Administrator

On the 3ᴿᴰ day of APRIL in the year 2017, Damaris Flores, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that she executed the foregoing document.

*[signature]*

NOTARY PUBLIC

JOSEPH GELLER
Notary Public, State of New York
No.02GE4985774
Qualified in Queens County
Commission Expires August 26  20 17

*Damaris Flores*

On behalf of 60-54 55ᵗʰ STREET, LLC, Claimant

On the 3ᴿᴰ day of APRIL in the year 2017, DAMARIS FLORES, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that s/he executed the foregoing document.

*[signature]*

NOTARY PUBLIC

JOSEPH GELLER
Notary Public, State of New York
No.02GE4985774
Qualified in Queens County
Commission Expires August 26  20 17

*Stipulation of Settlement*
*United States v. $266,369.96, et al., 16-CT-5190 (BMC)*
*Page . 9*

AGREED AND CONSENTED TO BY:

_VICTORIA FLORES, Claimant_

On the 3RD day of APRIL in the year 2017, Victoria Flores, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that she executed the foregoing document.

NOTARY PUBLIC

JOSEPH GELLER
Notary Public, State of New York
No.02GE4985774
Qualified in Queens County
Commission Expires August 26  20 17

_WILFREDO RODRIGUEZ, Claimant_

On the 31ST day of MARCH in the year 2017, Wilfredo Rodriguez, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that he executed the foregoing document.

NOTARY PUBLIC

JOSEPH GELLER
Notary Public, State of New York
No.02GE4985774
Qualified in Queens County
Commission Expires August 26  20 17

_JASMINE FLORES, Claimant_

On the 3RD day of APRIL in the year 2017, Jasmine Flores, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that she executed the foregoing document.

NOTARY PUBLIC

JOSEPH GELLER
Notary Public, State of New York
No.02GE4985774
Qualified in Queens County
Commission Expires August 26  20 17

**Exhibit E**

# Evaluation of Property

# August 25th, 2016



Prepared For

**Estate of Flores**
71-15 67th St

Prepared By

Sal Crifasi, Associate Broker
saljoseph@crifasi.com
Work: 718-908-4223
www.crifasi.com



Crifasi Real Estate Inc
313 Graham Ave
Brooklyn, NY 11211
(718)782-4411
www.crifasi.com

August 25, 2016

Estate of Flores
71-15 67th St

Dear Estate of Flores:

Re: 71-15 67th St

I, Sal J. Crifasi, with an office located at 313 Graham Ave, Brooklyn, New York, 11211 as a Licensed Associate Broker with License # 10301205163 was asked to give my professional opinion on the Property Value of 60-54 55th Street, Maspeth, NY 11378.

Based on my research of Comparable Sales, I was able to determine a Current Market Value of **Seven Hundred and Fifty Thousand Dollars ($750,000.00).**

We look forward to working with you in the future. Our firm is committed to providing you with professional and dedicated service. Please do not hesitate to contact me should you require any further information.

Sincerely,

Sal Joseph Crifasi
saljoseph@crifasi.com
Work: 718-908-4223
www.crifasi.com



Crifasi Real Estate Inc

313 Graham Ave
Brooklyn, NY 11211

62-70 Fresh Pond Rd
Ridgewood, NY 11385

79-47 Metropolitan Ave
Middle Village, NY 11379

(718)782-4411

ww.crifasi.com

# Subject Property Details



| | |
|---|---|
| **Location:** | 71-15 67th St<br>Glendale,  Ny 11385<br>School District: Community District 24 - 24<br>Development:<br>Section/Area:<br>Waterfront:     Waterview:     Waterfront Desc: |
| **Suggested Price and Taxes:** | Taxes: $6,000.00    Village Taxes:<br>Total Taxes:    Taxes W/Basic Star: |
| **Property Characteristics:** | 2 Family, Sd 2 Story<br>Rooms: 11; Bedrooms: 5; Baths Full: 2; Baths Half: 1<br>Dining Room: Formal; Wood Floors: Y;<br>Basement: Full; Finished Basement: Y; Garage: 2; Driveway: Pty<br>Heat: -; Fuel: Gas;<br>Aprox Interior Sqft: 3150; Approximate Year Built: 1920<br>Construction: Stucco;<br>Lot Size: 24 x 95; |
| **Comments:** | Mint condition two family house with first floor two bedroom apartment occupied by owner. Second floor apartment is three bedroom that is currently rented for $1600 per month. Basement is finished. There is a new roof and gas boiler is in good condition. Both apartments have been renovated. |

Information is supplied by third parties and not by Multiple Listing Service of Long Island Inc.
Information Copyright © 2016 Multiple Listing Service of Long Island Inc.

1

**Exhibit F**

**Bank of America** ✦ **Home Loans**

PO Box 51785
Tampa, FL  33651-3785

0006246 02 MB 0.416  **AUTO  7 0 0755 11385-706915   -C01-P06252-J1    BMKDEFAU M25492
PO  A2D00101 0004000000000010 – MLENVCRE
RAFAEL FLORES
7115 67TH ST
GLENDALE NY  11385-7069



**Customer service information**

◖)) Customer service: 1.800.669.6607

TDD/TTY users only: 1.800.300.6407

En Español: 1.800.295.0025

Monday-Friday 7 a.m. to 7 p.m. Local Time

▭ bankofamerica.com

| Account number | 157745724 |
|---|---|
| Payment due date | August 1, 2016 |
| **Total amount due** | **$2,540.16** |
| Option 1 (Full) | $2,540.16 |
| Option 2 (15 yr) | $6,122.55 |
| Option 3 (Minimum) | $2,518.52 |
| Option 4 (Interest-only) | Not available |

*If payment is received after 08/16/16, $36.94 late fee will be charged.*

## Your Home Loan Account

Statement date: July 6, 2016

**Get real, practical knowledge with Better Money Habits™**

Build your financial know-how with free tools and information to help you make more confident decisions on topics from budgeting and saving to reducing debt and improving credit.

**Learn more at BetterMoneyHabits.com**

## Account information

| | |
|---|---|
| Property address | 7115 67TH ST |
| Loan type | 30 Yr Conv Jumbo PayOption ARM |
| Contractual remaining term | 20 Years, 07 Months |
| Principal balance | $332,476.19 |
| Escrow balance | $630.93 |
| Interest rate until 08/2016 | 3.375% |
| Prepayment penalty | No |

## Past payments breakdown

| | Paid since last statement | Paid year to date* |
|---|---|---|
| Principal | $1,817.11 | $6,436.28 |
| Interest | $1,877.85 | $6,407.20 |
| Escrow (taxes and insurance) | $1,316.10 | $4,346.64 |
| Optional products | $25.98 | $90.93 |
| Fees, charges, and advances | $51.94 | $170.82 |
| **Total** | **$5,088.98** | **$17,451.87** |

## Explanation of total amount due

| | Option 1 (Full) | Option 2 (15 year) | Option 3 (Minimum) | Option 4 (Interest-only) |
|---|---|---|---|---|
| Principal | $934.03 | $4,516.42 | $912.39 | |
| Interest | $935.09 | $935.09 | $935.09 | |
| Escrow (taxes and insurance) | $658.05 | $658.05 | $658.05 | |
| Optional products | $12.99 | $12.99 | $12.99 | |
| **Regular monthly payment** | **$2,540.16** | **$6,122.55** | **$2,518.52** | |
| Current period fees and charges | $0.00 | $0.00 | $0.00 | |
| **Total amount due** | **$2,540.16** | **$6,122.55** | **$2,518.52** | |
| | If you make this regular monthly payment. | ...your principal balance will decrease, and you will be closer to paying off your loan. | ...your principal balance will decrease, and you will be closer to paying off your loan. | ...your principal balance will decrease, and you will be closer to paying off your loan. This is your Minimum payment amount. | This payment is not available this month. |

*Please see the "Other important information" section of this statement.

**Exhibit G**



# 2013 Nissan Altima

**Style:** 2.5 Sedan 4D   Change Style

**Mileage:** 27000   Change

Edit Options   Check Specs



Advertisement

# Your Blue Book® Value

Trade In to a Dealer

Get an Instant Cash Offer

Sell to a Private Party

**Private Party Value** (Good Condition)
## $10,863



Fair Condition

Very Good Condition

Excellent

The Trusted Resource



# 2005 Nissan Quest

**Style:** Minivan 4D   Change Style

**Mileage:** 56000   Change

Edit Options   Check Specs

Featured Comparison
**2017 Kia Optima**
vs. other midsize sedans



Advertisement

# Your Blue Book® Value

Trade In to a Dealer

Get an Instant Cash Offer

Sell to a Private Party

**Private Party Value** (Fair Condition)
## $2,878

Good Condition

Very Good Condition

Excellent

**VALUE ANOTHER VEHICLE**



# 1988 Chevrolet Corvette

## 2dr Coupe 8-cyl. 350cid/245hp FI  EDIT

⬇ Download Vehicle Report (PDF)

➕ Add to Favorites

# $6,100 Avg. Value*

⊗ CLOSE

Get up-to-date features, news and tips emailed to you every Wednesday. Join 450,000+ classic car enthusiasts.

**VALUE ANOTHER VEHICLE**



# 1991 Ford Mustang 5.0 GT

••• MENU

3dr Hatchback 8-cyl. 302cid/225hp SFI  EDIT

⬇ Download Vehicle Report (PDF)

➕ Add to Favorites

# $5,600 Avg. Value*

Only $240 per year to insure this classic with Hagerty** — that's less than $125 every 6

CLOSE ⊗

Get up-to-date features, news and tips emailed to you every Wednesday. Join 450,000+ classic car enthusiasts.